UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCELA BALTODANO, *et al.*, | |
| Plaintiff, | 2:10-cv-2062-JCM-RJJ |
| vs. | ORDER |
| WAL-MART STORES, INC., | Defendant's Motion to Exclude All Evidence Regarding Plaintiff's Proposed Spinal Surgery and Future Medical Expenses, Pursuant to FRCP 37(c)(#11) |
| Defendant, | |

This matter came before the court for a hearing on Defendant's Motion to Exclude All Evidence Regarding Plaintiff's Proposed Spinal Surgery and Future Medical Expenses, Pursuant to FRCP 37(c)(1) (#11). The court considered the Motion (#11); Plaintiff's Response (#13); and, the argument and representations of counsel at the hearing.

**BACKGROUND**

This case involves injuries allegedly sustained by Plaintiff, Marcela Baltodano, when she slipped and fell while shopping at Wal-Mart. Plaintiff's attorney, Joshua Harris, produced initial disclosures that included a computation of damages section alleging total damages of $54,521.00. The initial disclosure contained a paragraph stating that:

> This amount shall include Plaintiff's lost wages, future and/or residual damages, and medical bills not yet received. However Plaintiff reserves the right to supplement and/or amend this Computation of Damages as discovery is continuing.

The computation of damages did not contain any information or details about spinal fusion surgery.

. . . .

Within the initial disclosures, Plaintiff included a recommendation of Baltodano's treating physician, Dr. Andrew Cash, that stated that "[Baltodano] is a candidate for a reconstructive procedure at L2-3; however, because of her recent myocardial infarction, she is unable to undergo any procedures, including injections, until March 2011." Due to these two disclosures, Wal-Mart believed that Baltodano did not seek damages related to spinal fusion surgery.

Baltodano supplemented her initial disclosures a total of four times. The first supplement raised the damages claim to $55,601.00 and included the same language quoted above. The second supplement contained no changes to the total computation of damages or the disclaimer paragraph. The third supplement raised the total damages by $40, contained no change to the disclaimer paragraph, but was produced on March 22, 2011, only two days before the expert witness deadline of March 24, 2011.

On March 28, 2011, Harris telephoned Wal-Mart's counsel to inform him that Baltodano was scheduled for spinal fusion therapy on April 1, 2011. This caused a dispute between the parties regarding Rule 35 examinations and other discovery issues. However, the surgery did not end up taking place because Baltodano's insurance provider declined to cover the surgery. On April 12, 2011, nearly twenty days after the expert deadline passed, Harris produced the fourth supplement to Baltodano's initial disclosures, which raised the computation of damages to $57,111.00 and included a different disclaimer paragraph. That paragraph stated:

> This does not reflect Plaintiff's lost wages, future and/or residual damages, and medical bills not yet received. However Plaintiff reserves the right to supplement and/or amend this Computation of Damages as discovery is continuing.

The computation of damages still did not include any information regarding spinal fusion surgery or future medical expenses. Defense counsel continually prodded Harris regarding the missing information, but it was not provided.

At Dr. Cash's deposition, held April 19, 2011, Wal-Mart was finally able to obtain information regarding Baltodano's need for spinal fusion surgery including an estimate regarding the cost and damages of the procedure. The estimate was $400,000. After negotiations regarding stipulations to extend discovery and other discovery matters failed, Wal-Mart filed the instant

1  motion seeking to exclude evidence of Baltodano's spinal fusion surgery and related future
2  medical expenses due to Harris' failure to comply with FED. R. CIV. P. 26(a) and 26(e). Plaintiff
3  opposes the motion.

4        Oral argument was held in this matter. At the hearing, Harris stated that the case had
5  always been a spinal fusion case and argued that the motion should be denied and discovery
6  should be extended to allow for discovery into Baltodano's future medical expenses and lost
7  wages and earning capacity. He stated that without such an extension, he would have no way to
8  present future lost earnings or wage capacity at trial. He also stated that he did not ask for a cost
9  estimate of the surgery from Dr. Cash. Wal-Mart argued that the motion should be granted due to
10 the constant tardiness, continual discovery abuses, and prejudice to Wal-Mart. Wal-Mart also
11 asserted that Harris knew or should have known about the surgery long before any expert witness
12 deadlines, yet still failed to disclose any damages regarding the spinal fusion surgery.

13 **DISCUSSION**

14       Rule 26(a) requires a party to provide a computation of each category of damages
15 claimed. FED. R. CIV. P. 26(a)(1)(A)(iii). This must be done within 14 days of the parties' Rule
16 26(f) conference and must be supplemented in a timely manner. FED. R. CIV. P. 26(a)(1)©;
17 (e)(1)(A).  If a party fails to provide information as required by Rule 26(a) or (e), the party is not
18 allowed to use that information at a hearing or at trial unless the failure was substantially justified
19 or is harmless. FED. R. CIV. P. 37(c)(1). The party facing sanctions bears the burden of showing
20 substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d
21 1101, 1106-07 (9th Cir. 2001). The district court has wide latitude in using its discretion to issue
22 sanctions under FED. R. CIV. P. 37(c)(1).  *Yeti by Molly*, 259 F.3d at 1106.

23 **I. Substantial Justification**

24       Among the factors that may properly guide a district court in determining whether a
25 violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party
26 against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the
27 likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely
28 disclosing the evidence. *Manneh v. Inverness Medical Innovations, Inc.,* 2010 WL 3212129 at

1  \*2 (S.D. Cal. 2010) (quoting *Lanard Toys, Ltd. v. Novelty, Inc.*, 2010 WL 1452527 at \*6

2  (9th Cir. 2010).  Inadvertent mistakes and unintentional oversights are not substantial

3  justifications for delay.  *R & R Sails Inc. v. Insurance Co. Of State of Penn.,* 251 F.R.D. 520, 526

4  (S.D. Cal. 2008).

5        Here, Baltodano's failure to timely disclose the computation of damages sought in

6  relation to her spinal fusion surgery is not substantially justified. "Disclosing a computation of

7  damages under Rule 26(a) (1) is necessary for the opposing party to produce responding

8  evidence, such as an expert opinion." *In re Gorilla Companies, LLC.*, — B.R.—, 2011 WL

9  855788 at \*3 (D. Ariz. 2011) citing, *Hoffman v. Const. Protective Servs., Inc.*, 541 F.3d 1175,

10  1179-80 (9th Cir. 2008). Without a computation of damages that includes the estimated costs of

11  the spinal fusion surgery and related expenses, Wal-Mart has been unable to obtain and prepare

12  expert witnesses or other evidence to support its defense. This surprise is prejudicial.

13        Baltodano's attorney, Joshua Harris, did not fulfill his duty under Rule 26(a). The initial

14  disclosures stated that Baltodano's damages were $54,521.00. This computation included no

15  estimate of the costs of spinal fusion surgery or future medical expenses related to such a surgery.

16  Initial Disclosures at 6, Attached as Exhibit B to Defendant's Motion (#11). The initial

17  disclosures contained a statement that the computation of damages "shall include Plaintiff's lost

18  wages, future and/or residual damages, and medical bills not yet received." Initial Disclosures at

19  7, Attached as Exhibit B to Defendant's Motion (#11). Harris then sent three supplements

20  containing the same language, but updating the total computation of damages to $55,601.00 and

21  $55,641.00. Initial Disclosure Supplements 1-3, Attached as Exhibits E, G, and H to Defendant's

22  Motion (#11).

23        Finally, after informing Wal-Mart that Baltodano would be having surgery, Harris

24  disclosed a fourth supplement that changed the total computation of damages to $57,111.00 and

25  stated that the "amount does not reflect Plaintiff's lost wages, future and/or residual damages,

26  and medical bills not yet received." Initial Disclosures Supplement 4 at 8, Attached as Exhibit T

27  to Defendant's Motion (#11). The Fourth Supplement still does not include an estimate for the

28  costs of Baltodano's surgery and future medical expenses related to it.

1  When asked at the hearing why no estimate had been provided in the computation of
2 damages disclosure, Harris admitted that he had never asked for one. Also at the hearing, Wal-
3 Mart's counsel informed the court that the estimate of the spinal surgery wasn't obtained until
4 Wal-Mart took the deposition of Dr. Andrew Cash, Baltodano's treating physician, a few days
5 after the Fourth Supplement to Initial Disclosures was produced. Dr. Cash estimated that the
6 surgery would cost around $400,000.

7  Because this disclosure wasn't made until after the expert witness deadline, Wal-Mart
8 cannot obtain expert testimony regarding the surgery and other facts surrounding that diagnosis
9 without a discovery extension from the court. The need for such an extension is due to Harris'
10 failure to properly include the spinal fusion surgery in the computation of damages section of
11 Baltodano's initial disclosures. This information still was not provided, even after Harris knew
12 that Baltodano was approved for spinal fusion surgery. Harris' delinquency was further
13 illustrated when he stated at the hearing that the case had "always been a spinal fusion case."
14 Hearing Audio (#17).

15  Additionally, Harris argues in his Response (#13) that his failure was substantially
16 justified because Wal-Mart had obtained medical authorizations from Baltodano and could have
17 acquired the information on its own. Plaintiff's Response (#13) at 3-4. Such an argument ignores
18 the discovery obligations of Rule 26(a). Plaintiff has an affirmative duty, without awaiting a
19 discovery request, to provide a computation of each category of damages claimed. FED. R. CIV. P.
20 26(a). Harris failed to fulfill that duty and has not shown substantial justification for that failure.

21  Wal-Mart argues that Harris's omission of the spinal fusion damages was "designed to
22 ambush Defense counsel after the expert disclosure deadline." Plaintiff's Motion (#11) at 15 ll.
23 14-15. At the hearing Harris stated that, while he had intended to do so at the outset of discovery,
24 he had no way to present future lost earnings or wage capacity despite having had nearly the
25 entire discovery period within which to gather such evidence. The failure is willful.

26 **II. Harmlessness**

27  Harmlessness may be established if a disclosure is made sufficiently before the discovery
28 cut-off date to give the opposing party adequate time to conduct discovery. *Frontline Med.*

1 *Assocs. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009). Disruption to the
2 schedule of the court and other parties is not harmless. Courts set schedules to permit the court
3 and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to
4 enforce them, unless there are good reasons not to. *Wong v. Regents of the University of*
5 *California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

6       Here, the disclosure was not made sufficiently before the cut-off date to allow Wal-Mart
7 to conduct the needed discovery. First, Harris did not disclose the fact that Baltodano would
8 require surgery until March 28, 2011, and that the surgery would take place on April 1, 2011.
9 Letter, Attached as Exhibit O to Defendant's Motion (#11). Though, the surgery did not proceed
10 on April 1, the notice did not give Wal-Mart enough time to conduct an independent medical
11 examination pursuant to Rule 35, nor did it give Wal-Mart time to retain experts regarding the
12 surgery itself or future medical expenses, as the expert deadline had already passed. *See*
13 Scheduling Order (#8) (setting expert witness disclosure deadline as March 24, 2011). Even if an
14 extension were granted, Wal-Mart would still be required to conduct additional discovery and
15 reassess its position based on information it should have received from initial disclosures. Harris'
16 tardiness and oversights result in wasted time, work, and energy.

17       Further, such a late disclosure would also require the court to rearrange its own calendar
18 causing additional clutter on the court's docket. *See Wendt v. Host Intern., Inc.*, 125 F.3d 806,
19 814 (9th Cir. 1997) (holding that the court's need to maintain its docket is an important factor
20 when considering Rule 37© sanctions). If this case has always been a spinal fusion case, as
21 Harris stated at the hearing, then the estimate of Baltodano's spinal fusion surgery damages
22 should have been included with her initial disclosures. They were not. Nor was an estimate
23 included in the first, second, third, or fourth supplements to her initial disclosures. Further, the
24 statement that the damages amount "shall include Plaintiff's lost wages, future and/or residual
25 damages, and medical bills not yet received" led Wal-Mart to believe that no surgery would be
26 taking place. Therefore, it did not begin to search for or retain appropriate experts. The failure to
27 disclose was not harmless.
28 . . . .

- 6 -

**III. The Appropriate Sanction**

The Court should consider whether a sanction is proper under a five-factor test analyzing: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the non-offending party; (4) the public policy favoring disposition of cases on their merits; (5) the availability of less drastic sanctions. *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Where the harm can be easily remedied, exclusion is not the proper sanction. *See Frontline Med. Assocs. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (holding that exclusion was not proper where plaintiff knew of defendant's experts even before filing the complaint).

Here, the harm cannot be easily remedied and most factors support the sanction of exclusion. Discovery has closed. Scheduling Order (#8) (setting close of discovery as May 23, 2011). In order to remedy the harm to Wal-Mart, discovery would have to be reopened for a substantial amount of time in order to allow for all of the discovery that would have to take place. At the hearing, Harris stated that he would need an additional economic expert in order to prove Baltodano's future medical expenses. Wal-Mart indicated that it would need to retain medical experts in regard to spinal fusion surgery, as well as, economic experts. Both sides would also need time to retain and prepare rebuttal expert reports. Such a reopening of discovery would be, in reality, another bite at the discovery apple. It would prevent an expeditious resolution of the litigation and would clutter the court's docket.

Furthermore, though an extension would lower the risk of prejudice against Wal-Mart, it has already been harmed by the delay and would be harmed by an extension in that it would need to conduct added litigation made necessary by the mistakes, oversights and willful conduct of opposing counsel. A sanction of exclusion will not be a case dispositive sanction as Baltodano will still be able to pursue the damages she did disclose in her initial disclosures, allowing the case to be decided upon the merits. Finally, less drastic sanctions would not alleviate the harm and prejudice caused to Wal-Mart as a result of Harris' inability to comply with his discovery obligations.

The computation of damages disclosure should have sufficient detail so as to enable a

- 7 -

defendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery. *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). Here, Harris' computation of damages failed to include Baltodano's spinal fusion surgery and led Wal-Mart to believe that no such damages were being sought. Harris' failure to timely disclose the fact that Baltodano was contemplating surgery is neither substantially justified, nor harmless.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Exclude All Evidence Regarding Plaintiff's Proposed Spinal Surgery and Future Medical Expenses, Pursuant to FRCP 37(c)(1) (#11) is **GRANTED**.

Defendant seeks the reasonable costs, including attorneys' fees, required to bring this motion. Therefore,

IT IS HEREBY ORDERED that on or before September 8, 2011, Defendant shall file an affidavit of attorneys' fees and costs incurred in bringing this motion.

IT IS FURTHER ORDERED that on or before September 15, 2011, Plaintiff shall file a response to said affidavit.

IT IS FURTHER ORDERED that a hearing on the affidavit of attorneys' fees and costs is scheduled for September 16, 2011, at 1:30 P.M. in LV Courtroom 3D, 3d floor, Lloyd D. George United States Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada.

DATED this __31st__ day of August, 2011.

ROBERT J. JOHNSTON
United States Magistrate Judge